EARL AND MARY E. VOYLES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Voyles v. Commissioner
Docket No. 20076-89
United States Tax Court
T.C. Memo 1990-550; 1990 Tax Ct. Memo LEXIS 622; 60 T.C.M. (CCH) 1064; T.C.M. (RIA) 90550; October 23, 1990, Filed *622 Decision will be entered for the respondent. Earl Voyles and Mary *623 E. Voyles, pro se. Steven K. Dick, for the respondent. RUWE, Judge. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioners' 1985 Federal income tax in the amount of $ 38,037.90. Following a concession, [1] the sole issue for decision is whether a $ 129,800 payment that petitioner Earl Voyles received from his employer in 1985 is excludable from gross income as a gift under section 102(a). [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners *624 Earl Voyles and Mary E. Voyles resided in Madison, Indiana when they filed their petition in this case. Petitioners timely filed a joint Federal income tax return for taxable year 1985 with the Internal Revenue Service Center in Memphis, Tennessee. Petitioners computed their 1985 Federal income tax liability on a cash basis method of accounting. On October 22, 1988, petitioners timely executed a Form 872 (Consent to Extend Time to Assess Tax), extending the statute for assessment for the year in issue to April 15, 1990. Respondent's notice of deficiency was timely mailed to petitioners on June 19, 1989. During 1985, Mr. Voyles retired, after 46 years of service, from Scott County Stone Company, Inc. (Scott County Stone Company). In consideration of his 46 years of service, Mr. Voyles received a payment from Scott County Stone Company in the amount of $ 129,800. This payment consisted of cash in the amount of $ 120,000 and title to a company car used by Mr. Voyles which had a fair market value of $ 9,800. [3] This $ 129,800 payment was made in addition to any distribution that Mr. Voyles was entitled to from his employer's profit-sharing plan. *625 Petitioners were erroneously advised by Scott County Stone Company that the $ 129,800 payment received by Mr. Voyles constituted ordinary income in the amount of $ 38,200 and a capital gain in the amount of $ 91,600. On their 1985 tax return (Form 1040), petitioners reported the $ 38,200 as severance pay; and, on Form 4972 (Special 10-Year Averaging Method), petitioners elected to 10-year average the $ 129,800 and reported thereon tax due in the amount of $ 5,986. [4]
Respondent determined, and petitioners concede, that the $ 129,800 payment Mr. Voyles received from his employer was not from a special plan or qualified retirement plan and thus not eligible for the 10-year averaging computation of tax pursuant to section 402(e). In the notice of deficiency, respondent included the $ 129,800 payment as part of petitioners' 1985 gross income, but reduced this amount *626 by $ 38,200 which petitioners had included in income as severance pay on their 1985 tax return. Petitioners maintain that this payment was a gift from Scott County Stone Company. OPINION Section 61(a) provides that "gross income means all income from whatever source derived." However, gross income does not include the value of property acquired by gift. Sec. 102(a). Whether a transfer constitutes a payment of income or a nontaxable gift is a question of fact. ; . Petitioners bear the burden of proving that the $ 129,800 payment that Mr. Voyles received upon retirement from Scott County Stone Company constituted a gift. Rule 142(a). In , the Supreme Court held that a voluntary transfer of property to an employee without any consideration is not necessarily a "gift" within the meaning of section 102(a). A transfer will be a gift if it proceeds from a "detached and disinterested generosity." . The Court went on to say: We take it that *627 the proper criterion, established by decision here, is one that inquires what the basic reason for his conduct was in fact -- the dominant reason that explains his action in making the transfer. Further than that we do not think it profitable to go. [.] In the instant case, the record does not indicate that the payment in issue proceeded from a "detached and disinterested generosity." Scott County Stone Company's advice to petitioners as to the character (part ordinary income and part capital gain) of the $ 129,800 payment is an indication that such payment was not intended as a gift to Mr. Voyles. The parties stipulated that the $ 129,800 payment was made to Mr. Voyles "in consideration of his 46 years of service." The testimony of Albert Lee Berry, who was a member of Scott County Stone Company's board of directors and secretary/treasurer, is consistent with a finding that the payment was not based on a "detached and disinterested generosity." Finally, as noted in , "it doubtless is, statistically speaking, the exceptional payment by an employer to an *628 employee that amounts to a gift." We find that petitioners have failed to meet their burden of proving that the $ 129,800 payment Mr. Voyles received from his employer constituted a gift. Accordingly, we sustain respondent's determination that this $ 129,800 payment is includable in petitioners' 1985 gross income. [5]
Decision will be entered for the respondent. Footnotes
1. Petitioners concede that they failed to report, on their 1985 tax return, $ 600 in rental income received for farm land rented during taxable year 1985.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The distribution of cash in the amount of $ 120,000 to Mr. Voyles was from the proceeds of the sale of Scott County Stone Company in November 1985.↩
4. It is unclear from the record as to why petitioners included $ 38,200 as income, and then elected to 10-year average this amount on Form 4972.↩
5. Petitioners have asked that we abate interest imposed on the deficiency under section 6601. This Court, however, has no jurisdiction to abate interest on deficiencies. ; ; ; and .↩